Good morning, Your Honors. My name is Daniel Miller, and I'm on behalf of Appellant Global Diamond Resources, Inc. Good morning. Your Honors, today we're here to discuss whether it was an abuse of discretion for the district court to refuse to set aside entry of default due to my client's temporary financial condition, which was resolved prior to default judgment being entered. This case is factually specific. This is a case that had four years of intense litigation history before the entry of default. There's no dispute between the parties of the standards that are used to determine whether default should be set aside. It's a three-part test. Culpability on behalf of the defendant, my client, prejudice to a plaintiff, in this case Mood, and whether we had any meritorious defenses. The culpability standard has been defined as generally a failure to answer. If you look at the cases cited, both by moving parties and appellant, the cases are a failure to answer a complaint. In this case, the complaint was answered. We had discovery that was conducted both in the United States, trips to Saudi Arabia to conduct depositions, a law in motion battle regarding the enforcement of a foreign arbitration award, which took 30 months in and amongst itself. So this is not a case where my clients did not take this case seriously, did not proceed to try to have it heard on the merits. What happened was, during the period of time that this was occurring, we had the events of September 11th, we had a Saudi Arabian company with one of the parent companies, a Bin Laden company, not Osama, but of the family, and it was difficult to raise money. So we reached this temporary economic hardship. My clients continued to work to try to resolve its financial condition, and it was able to do so before default judgment was entered. And if we look at the standards, those three factors are even more liberally applied in the cases where you have just the entry of default before default judgment occurred. So there's not the standard of culpability that you see in most of the cases. Certainly, there's other language used besides the failure to answer. They use definitions of willful conduct, deliberate, or bad faith. This case does not fit those definitions either. My clients were trying to resolve their financial conditions. It wasn't deliberately or actively sitting by, waiting for this case to just hopefully disappear. It was working with its creditors, trying to resolve claims that it had outstanding against it. It was attempting to find counsel for the third time due to economic hardship. And it was ultimately able to do so at a time when all that was left was the final status conference, the exchange of documents, and trial. And trial date hadn't even been set at that time. And, in fact, the district court had continued out the final status conference for a month after our motion and application to set aside the default. So at that time, this case was right to proceed. There had been a six-month delay caused by a temporary economic condition, and we were ready to proceed based on having the original attorney, Mr. Nyquist, who had done all the discovery. So at this point, this case could have been ordered to proceed to trial with the counsel who conducted all of the discovery, all the law motion work, and plaintiff's original counsel. How much time passed from the entry of judgment until your client moved to set that aside? There was a six-month delay between that period of time, Your Honor. And tell me the period that that covered. On July 11th of 2002, Mood filed an application for entry of default judgment. On March 5th, the application to set aside default was filed. And this was two days before the hearing on the default judgment application. Counsel in this moving paper is in the court, and his decision said, oh, this is coincidental, this is two days before judgment, and this is what spurred on Global Diamonds. Your Honor, that's not the case. As the declaration of Charles McDougall, the president and chief executive officer of my client, said, they've been actively trying to negotiate these creditor claims so they can get themselves in a financial position to continue with this lawsuit, which they had already spent hundreds of thousands of dollars litigating. Because it happened two days before or two days after default judgment being entered is irrelevant. The fact of the matter was we appeared before the court with the declaration of both the client and the law firm saying, we're prepared to go forward to trial. In fact, we have an agreement that we're going to be paid through trial. So this issue that this is going to happen again, we're not going to be able to proceed, that was gone. So this concept of culpability I don't think is applicable under the cases that we generally see. Because this is not the case where no one took this case seriously. Where we just said, oh, we're not going to answer this complaint. We don't think we have to submit ourselves to jurisdiction of the court. So on the first prong alone, which the court found that we were culpable, I don't think the standards apply. Not under the definitions found in the cases cited by the moving party or the court. You move to the next factor, the prejudice to move. Again, I think it's important to look at the status of this case at the time entry of default was entered. And at the time that we moved to set aside default. Again, under the case management order, all discovery was complete. Expert witnesses had been deposed. Lists of experts had been exchanged. Again, all that had to happen was the final status conference, exchange our pretrial documents, and get a trial date. So there was a six-month period of time that was delayed. A financial sanction for the time and money they spent to move and proceed with this default. That's an acceptable remedy. But to remove the ability for my client to try its cases on the merits in front of a jury, that's an unreasonable exercise of discretion. There is no prejudice. This case was exactly ready for trial. Six months earlier or six months later. No more discovery was going to be allowed. We were done. Ready to proceed for trial. So where's the prejudice to move? The court said, well, you may not be able to collect on your judgment. That's true in every case that's filed. You're never guaranteed to collect on your judgment. That's one of the considerations you take before you file a complaint. Is it worth spending this time and money to go after this defendant? If you think he's solvent and has money, maybe you'll invest that money. If you don't, you may not. It may be a personal victory that you want to go after. And you don't care about the money. Regardless, the prejudice is not whether you're going to collect the judgment. The prejudice is will setting aside the default change the status of the case. In this case, clearly no. Clearly no. The final fact is the meritorious defenses. This district court said, I can't decide them. There's not enough evidence here for it. Rather than saying, well, submit some additional evidence. Let's have an additional hearing on the defenses. They said, I'm not going to consider that factor. I submit to the court that there's not a requirement that each and every factor be considered or one factor be considered more than the other. But this refusal to even take them into account when the other factors so clearly don't apply, I think is also a misdiscretion. So where do we stand here? We stand in a situation where my client is still ready to proceed for trial years down the line when all that we had before was a six-month delay. So no culpability, no prejudice to defendant mood, that is the prejudice that's recognized by the case law, and meritorious defenses, absolutely. This is a case by a board of director member who raised money for this existing company. I said, for raising that money, for keeping this company from going bankrupt, you have to pay me for it. Well, he had an obligation to the board. He had an obligation to that company to go forward and help with the company. In addition, the money that he raised ultimately is the underlying cause of action. Under the agreement that he signed for raising that money, he said there would be no finder's fee. Well, this is a clear violation of that finder's fee agreement. So the defenses are meritorious if they were heard. And, in fact, this 30-month battle I talked about in the beginning with this arbitration in Saudi Arabia, my client prevailed on that. It was a 30-month law-in-motion battle on the enforceability of that award under the United Nations Conventions on Enforcement of Arbitration Act. So they ultimately succeeded in setting that arbitration aside. Fine. We're happy to go ahead and proceed with that same argument on the trial on the merits, which is the policy of these courts. And all my clients ask is to have its right to court, to stay in court, and to be able to defend itself against this cause of action that it knows it's going to defeat. Okay. We've got some time left for a rebuttal. Thank you. Thank you very much. Thank you for your argument. Counsel? Thank you, Your Honors. Bruce A. Fields in the Law Offices of Haney, Buchanan & Patterson for the appellee, Abakar Mood. Your Honors, I'd like to put the Court on notice of a new case that supports our client's position that was decided this last July, Franchise Holding v. Huntington Restaurants, 375 Federal 3rd 922, which mirrors the same arguments that support our client's position and also supports Judge Moskowitz's ruling, a very comprehensive ruling, Your Honors. Again, the ---- On the citation you just gave, at the end of your argument, fill out a gum sheet with the clerk here. Give a copy to your opposing counsel. Will do, Your Honor. Is this the first you've heard of this case? I introduced myself to counsel before. Okay. Well, he'll fill out the form, give you a copy of it, and we'll go from there. Thank you, Your Honor. This issue is abuse of discretion, which can only be reversed if an abuse of discretion is found, Your Honors, and I'd like to point out that the Judge Moskowitz's ruling was very comprehensive. He reviewed the paperwork that was submitted to him and made a ruling based on what was submitted and found that the appellant's conduct was culpable. And the cases are very, very definitive on what is culpable. If a party has actual or constructive notice and fails to answer, that is culpable conduct. Now, I'd like to go over the history of what occurred in this case beginning in September of 2001, where this counsel's firm filed an application to withdraw from the case. Following that, the court allowed the withdrawal in November of 2001, and at that time put the defendant or appellant on notice that if they failed to acquire new counsel within 30 days, that they would be potentially subject to a default in failing to defend or prosecute the case. In response to that, the defendants knew what their responsibilities were, and they went ahead and they did acquire new counsel. Their arrangement with their new counsel didn't work out, and the new counsel filed an application with the court in March of 2002, of which the defendants did file a response. GDRR, the appellants, filed a response to that counsel's application to be relieved as counsel, requesting that the court not allow it to occur, and the court took the response under submission. Now, the court did allow that attorney to withdraw, that firm to withdraw, and on April of 02, April 26, issued an order recognizing that GDRI needed time to find counsel and gave them 60 days to acquire counsel. Now, during this time also, Your Honors, the court also vacated all the pretrial conference dates and everything that had been scheduled due to the fact that they were allowing, the court was allowing GDRI time to find counsel. Now, in that order, the court also indicated that if you need more time, if you have good cause to come forward and seek more time, please do so. Now, what's really important about that is, of course, GDRI did not come into court at all. They did not seek more time. Now, the new case that I have just referred to in the franchise holding, the court is very clear that if — When was that case decided? In July 2004, Your Honor. The court does say that the — So it was available to you months prior to this argument? Yes, Your Honor, and — I simply point that out because the system works best when we're told in advance that there's some new authority that might have some bearing and your opponent has a chance to respond. Your Honor, I just recently found the case in preparing for my argument here today, and I just recently found the case as of yesterday. So that is the reason why it wasn't briefed or brought before the court's attention prior to this time. Did Judge Moskowitz consider the possibility of a sanction, if you will, if I can use that word, less than not allowing the fact to be set aside? Your Honor, Judge Moskowitz, according to my understanding, felt that the failure to respond, the lack of all the notices that were taking place, and I didn't finish. To continue on with the April 26 order, the judge then issued an order to show cause in July. This is going three months following the October 26 order, which required the appellant to respond with counsel or to come into court to ask for further time if needed. An OSC was issued in July, the end of July, requiring a briefing schedule for an appearance to occur as of August 30th, with a brief due as of August 16th. Now, the appellant also received notice of this. They failed to respond. Thereafter, our client filed a request for entry default, which was entered right around that time. They filed a request for entry default, which was entered in September. So here, a GDI had notice of the default, had notice and opportunity to come to the court, had every opportunity given by Judge Moskowitz, and they failed to respond. They failed to come in, to ask for more time, to give any explanation as to. As a corporation, could they have come in without an attorney? Well, Your Honor, I think that they did file a document earlier. They could have requested more time from the court to seek counsel. How? Through an attorney only, right? Well, Your Honor, if they could have retained counsel on a limited basis to come in to ask for more time, they simply could have just had someone come in to make a special appearance on their behalf. They didn't do so. What ultimately happened is our client filed the motion for default judgment in February of 2003, and upon receiving notice of that and two days before the hearing, GDI miraculously, all of a sudden, is able to retain their previous counsel who comes in and files an ex parte application to set aside the default. Now, in response to Your Honor's question about an alternative form of sanctions or something else, I believe that the judge did find the conduct to be culpable. Their failure to answer, their failure to respond after all these series of notices. And in their papers, the judge also noticed that they did not provide any extraordinary circumstances to justify their reasoning for not coming in. I mean, I ask the question. It's not a pejorative question at all. There may be good reasons why he didn't, quote, choose a lesser sanction. I was just wondering if he considered the possibility of, for example, awarding your client attorney's fees, costs, et cetera, over a period of time of this delay, and then reinstituting the action. Your Honor, I think that the thing that should have been done, did he consider that? Not that I'm aware of, Your Honor. It's not reflected in the judge's ruling, and I wasn't present at his argument. Maybe he was concerned about repeat behavior by other folks if he allowed this to stand. I don't know. Well, I believe that the judge was concerned about the fact that there was evidence of the depletion of assets. There was no explanation as to why GDRI did not come in sooner, or why they could not financially have retained a counsel sooner. There was no explanation for the delay or the amount of time. There was only a declaration submitted that they're trying to settle with creditors. You know, it can be perceived that, hey, if they're able to settle with creditors, they should be able to come in and prosecute their case or defend their case if it was important enough to them. But they disregarded it. And I believe that is why Judge Moskowitz deemed their conduct to be culpable, that they had actual notice and they failed to act upon it. He also, Judge Moskowitz also found that our client was prejudiced due to the delay. Not only was our client prejudiced because of the fact that the trial date was delayed, where the trial or everything that should have been in place that would have implemented the trial date, but also the fact that all the evidence submitted indicated that the GDRI was very, very unstable financially and there was a likelihood that Mr. Mood would not have anything to proceed with, even if he wanted a trial. So these delays and the circumstances surrounding GDRI all was perceived by Judge Moskowitz to be prejudicial to Mr. Mood. With respect to the merits of GDRI's defenses, Judge Moskowitz didn't really address that. I will just briefly address that. I believe that the argument ñ I know it's not necessary, according to the law, that if you find culpability, it's not necessary for the court to look further with respect to the merits of the case or even to prejudice. Then why get into it? I just wanted to address it in case, Your Honor, we're interested. It's your nine minutes. But if he didn't address it ñ He didn't address it, Your Honor. I believe the arguments were conclusory and argumentative without substantial evidence in support. Okay. Thank you. Thank you. Rebuttal? Two points, starting with the failure to appear before the court to ask for more time. You're correct. We're talking about this April 26, 2004 order. Let's go back one step before then. The second attorney, Milberg and Phillips, files their application to withdraw as counsel because of financial reasons. During that time, and it's in the record submitted to the court, GDRI, without counsel, sends a letter to the court and makes a phone call to the court to say, Hey, we need more time. Don't let them out. The court sends a letter back saying, This is an improper ex parte contact. Do not do it again. Then, He was right, wasn't he? Absolutely correct. A hundred percent correct. And he further reiterated that in his April 26 order granting the withdrawal. He has a paragraph that says, A corporation may only appear in court with counsel. Again, absolutely correct. So my clients now have been told once from the judge via letter and then again in an order not to come to say, Hey, I need more time, Your Honor, unless they can hire an attorney. I couldn't be hiring an attorney. At the time that they were trying to make that limited presentation. I think that's a straw man argument. In this type of case, to go in front of a judge and say, Your Honor, I'm here today on a special appearance for a counsel. That's a trial that can be set on a moment's notice. What attorney is going to step in there and say, Your Honor, I'm appearing on behalf of G.D.R.I. When the judge has the discretion to say, Counsel, you're in. Trial starts two months from now. This is a case that's been on for four years. It's a convoluted, factual power process. And any attorney that looked at this beforehand. All he would be doing is asking for more time, right? And that would be his first take on it. But the district court could have exercised his discretion to say, You know what? You're appeared. You're in. So an attorney trying to make a limited appearance may ultimately get stuck as trial counsel on this case. That's kind of speculative because they didn't do that. It is speculative. But when G.D.R.I. comes to an attorney on his third attempt to hire an attorney now, and it says, Well, tell me a little about the case. And he says, Well, we've been going on for three years. We've traveled to Saudi Arabia. We've had all this law in motion. We've had this unique battle about the United Nations Convention. And an attorney would say, Okay, I'm going to step in here and make this limited appearance. I propose that no attorney was going to take that. It is speculative, Your Honor, but. No attorney in California would be willing to step into that, make that one presentation. We don't have enough facts. I wouldn't. Yeah, I believe that because you've had prior experience. But it just seems like a very strange argument, particularly since apparently your client has been settling with creditors. If you can settle with creditors, it seems like you can pay an attorney for that kind of an appearance. And they were working on settling with creditors. And at the time they did, they settled with their largest creditor. And this is the declaration of the season. I think they used some of that money just to appear and answer rather than just ignore the court. The settlement was a delayed payment on a note that was due and payable at the time. It wasn't cash in hand at the time, Your Honor. I don't know that that's contained within the record. So that's an extra record statement. But to answer Your Honor's question, it wasn't as if they had this bundle of cash, you know, they were using to pay off creditors. They forestalled payment on a delinquent defaulted note. And they were able to restructure that debt payment. And they would then put themselves in a position that they had money to proceed with after the fact. And as soon as they did that, as soon as they did that, they brought their application to set aside the entry of judgment. So that's not culpable conduct. As soon as they were in the position to approach the court with counsel, they did so. So as far as going in front of the court, the judge is ruling, and I don't think we have any indication whether he considered a sanction other than default. His order doesn't give any indication of that. But he did say don't come here unless you have counsel. They did not have counsel, and they weren't about to go in front of Judge Moskowitz again without counsel and say, hey, we need some more time. So once they were able to, they went forward and they said, hey, we're ready to proceed, Your Honor. We have our original attorneys back. There's a representation that they have been paid throughout the remainder of the trial. Let's proceed. And given the overriding judicial policy of trying cases on the merits, especially in light of the fact that no prejudice was going to fall amood. Again, the prejudice was the collectability of a judgment if you ultimately prevail. That is not the type of prejudice that is found in the test set forth to whether you set aside default. Okay. Thank both sides for their argument. The case just argued will be submitted for decision, and the Court will stand in recess until 1130. We'll be back then.  Thank you.   Thank you. Thank you. Thank you.
judges: Hug, Ferguson, Hawkins